


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:23-CR- |
| CHRISTOPHER GORDON READER | 3-23CR-496-K |

### FACTUAL RESUME

In support of Christopher Gordon Reader's plea of guilty to the offense in Count One of the Information, Reader, the defendant, Mike Uhl, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 875(c), that is, Interstate Communications with Threats, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly transmitted a communication containing a threat to injure the person of another, as charged in the Information;

*Second.* That the defendant intended his communication to be a true threat of violence or was reckless as to whether the communication would be viewed as a threat; and

*Third.* That the communication was sent in interstate or foreign commerce.

---

[1] *See* Fifth Circuit Pattern Jury Instruction 2.39 (5th Cir. 2019); *Counterman v. Colorado*, 600 U.S. 66 (2023).

Factual Resume—Page 1

## **STIPULATED FACTS**

1. Christopher Gordon Reader admits and agrees that on or about November 12, 2022, in the Northern District of Texas, Dallas Division, he did knowingly and willfully transmit in interstate and foreign commerce an email communication containing a threat to injure another person. That is, the defendant sent an email from his personal Gmail account to Company A stating, "I wonder how you would handle a violent parolee with a gun in your building…would it be more concerning if an armed shooter was on the 7th or 12th floor?" In sending this email, Reader intended his communication to be a true threat of violence or was reckless as to whether the communication would be viewed as a threat, in violation of 18 U.S.C. § 875(c).

2. Between November 10 and 12, 2022, Reader sent a total of 14 emails from his personal Gmail account to Company A. Reader addressed or mentioned Victim 1 by his first name and directed threats towards Victim 1 and Victim 1's family. Those emails included the following threats:

   a. "I hope you die in fire."

   b. "You better protect your family with armed guards."

   c. "I wonder where your children sleep. What would you do if someone found out? Do you feel safe? Do you think they are safe?"

   d. "Do you think there is enough blood in the blood all [sic] to save your wife and children if, God forbid, anyone in your family would need blood—can't wash it off your money to save your lives…"

   e. "You are going to die."

   f. "Your children, and, all of those you hold dear will die."

   g. "I hope you have bomb detectors at your house."

    h. "If you want to see an increase in crime: wait for me on Christmas Eve! If I don't catch you and your beautiful family, maybe I'll see y'all on New Year's Day. Maybe on Valentine's Day. Love you. Mean it."

    i. "How badly do you want someone to hunt and slaughter you and your family?"

    j. "Are you sure you want to make every enemy you've ever made Want To cut your dick off?"

    k. "I wonder what someone would do with a gun if they made their way into your home… What if they found one of your children's rooms?"

3. In sending these emails, Reader was motivated, in part, by his political disagreements with Company A and Victim 1.

4. In response to receiving these emails, Victim 1 spent approximately $13,033.40 on private security for Victim 1 and his family, and Company B spent approximately $68,495.19 on private security for Company A and other tenants in the office building where Company A is located. The defendant agrees that these security costs were proximately caused by his conduct and reasonably foreseeable.

5. The defendant agrees that the defendant committed all the essential elements of the offense charged in Count One of the Information. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 27 day of November, 2023.

_____
CHRISTOPHER GORDON READER
Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8604
Facsimile:    214-659-8802
douglas.brasher@usdoj.gov

_____
MIKE UHL
Attorney for Defendant